# IN THE COURT OF APPEALS OF IOWA

No. 20-0974
Filed October 21, 2020

**IN THE INTEREST OF E.H.,**
**Minor Child,**

**K.H., Father,**
    Appellant,

**J.H., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A mother and father separately appeal the termination of their respective parental rights. **AFFIRMED ON BOTH APPEALS.**

J. David Zimmerman, Clinton, for appellant father.

Barbara E. Maness, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Marsha Arnold, Davenport, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and May and Ahlers, JJ. Tabor, J., takes no part.

**MAY, Judge.**

A mother and father separately appeal from the termination of their respective parental rights to their child, E.H. Both parents argue (1) the State failed to establish statutory grounds authorizing termination, (2) termination is not in the child's best interest, and (3) we should grant additional time for the parents to work toward reunification. We affirm.

We review termination proceedings de novo. *In re Z.P.*, ___ N.W.2d ___, ___, 2020 WL 5268435, at *3 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (internal citation omitted).

We generally use a three-step analysis to review the termination of parents' rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the child's best interest, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

Both parents claim the State failed to satisfy the statutory grounds authorizing termination. The court found grounds for termination under Iowa Code section 232.116(1)(h) (2020). It authorizes the termination of parental rights when:

> (1) The child is three years of age or younger.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The parents only challenge the fourth element. It is satisfied when the State establishes the child cannot be safely returned to the parent at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

As the State points out, "[b]oth parents have a long history of substance abuse." They also struggle with mental health and domestic violence. The mother has a four-year history of using methamphetamine. The father also has a history of methamphetamine use. And he has been to prison for drug-related charges. Both parents have a pattern of maintaining sobriety for months at a time then relapsing. Their last known relapse was in February 2020. But both have refused Iowa Department of Human Services's (DHS) drug tests since then, and we presume missed tests would have been positive for illegal substances. *See In re I.J.*, No. 20-0036, 2020 WL 1550702, at *2 (Iowa Ct. App. Apr. 1, 2020) ("We presume these missed drug tests would have resulted in positive tests."); *In re D.G.*, No. 20-0587, 2020 WL 4499773, at *4 (Iowa Ct. App. Aug. 5, 2020); *In re L.B.*, No. 17-1439, 2017 WL 6027747, at *2 (Iowa Ct. App. Nov. 22, 2017); *In re C.W.*, No. 14-1501, 2014 WL 5865351, at *2 (Iowa Ct. App. Nov. 13, 2014) ("She has missed several drug screens, which are thus presumed 'dirty,' i.e., they would have been positive for illegal substances.").

The parents' struggles have directly impacted E.H.'s life. DHS removed E.H. at the hospital shortly after birth. About two weeks later, the child was returned to the parents. But less than two months after being returned, the child was removed again. Since the second removal, the child has remained with the same foster family. The parents progressed to semi-supervised visits twice. But both times, a relapse required visitation to be fully supervised.

We reiterate once again, "Methamphetamine is a scourge." *J.P.*, 2020 WL 110425, at *2; *In re K.L.*, No. 17-0346, 2017 WL 2465817, at *1 (Iowa Ct. App. June 7, 2017). "A parent's methamphetamine use, in itself, creates a dangerous environment for children." *J.P.*, 2020 WL 110425, at *2. We cannot turn a blind eye to the parents' history of use. And we fear their continued methamphetamine use is likely in the future.[1] *Cf. In re J.B.*, No. 18-0696, 2018 WL 4361058, at *3 (Iowa Ct. App. Sept. 12, 2018) (finding a child could not be returned to a parent when the parent had only been sober for three months). The parents' drug use prevented reunification. *See In re L.B.*, No. 18-1017, 2018 WL 3650370, at *1 (Iowa Ct. App. Aug. 1, 2018) (collecting cases affirming termination of a parent's parental rights when the parent has a history of substance abuse).

Like the juvenile court, we find E.H. could not have been safely returned to either parent's care at the time of the termination hearing. This step in our analysis is satisfied. *See Z.P.*, ___ N.W.2d at ___, 2020 WL 5268435, at *4 (affirming termination under section 232.116(1)(h) where the parent "was not prepared to assume a parenting role at the time of trial").

_____

[1] A DHS social worker reported in March 2020, that "[t]here has been ongoing concern that [the parents] continue to use" methamphetamine.

Our next step centers on the child's best interest. *See* Iowa Code § 232.116(2). We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

Like the juvenile court, we conclude termination is in the child's best interest. We do not question the parents' affection for the child. Even so, we cannot ignore their history of domestic abuse, unaddressed mental-health issues, and methamphetamine abuse. Given their history, we are not confident either parent will be able to adequately meet the child's needs in the future. *See In re C.W.*, 554 N.W.2d 279, 283 (Iowa Ct. App. 1996). Meanwhile, E.H.'s foster family meets his mental, physical, and emotional needs. E.H. is bonded with his foster parents— he calls them mom and dad—and they are interested in adopting him. *See* Iowa Code § 232.116(2)(b). The second step in our analysis is complete.

Next, we consider whether to apply a section 232.116(3) exception to termination. Section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing a section 232.116(3) exception rests with the parents. *See A.S.*, 906 N.W.2d at 476.

As part of his best-interest argument, the father refers to section 232.116(3)(c).[2] It authorizes the court to forgo termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). We decline to apply section 232.116(3)(c) here. By the time of the termination hearing, E.H. was about sixteen months old. E.H. had already spent all but two months of that time out of the father's care. Any lingering bond between them does not outweigh E.H.'s pressing, imperative need for a safe and stable home.

Finally, we address the parents' requests for additional time to work toward reunification. The court may defer termination for a period of six months if it is able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b). But neither parent identifies a "*specific*" improvement that would occur within six months. *See id.* (emphasis added). Instead, both simply suggest additional time would help them achieve reunification. These generalized statements do not provide a sufficient basis to postpone termination.

The court was correct in terminating the mother's and the father's respective parental rights.

**AFFIRMED ON BOTH APPEALS.**

---

[2] We did not find anything in the mother's petition on appeal asking us to apply a section 232.116(3) exception to termination.